**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **MICHAEL P. BREEN** | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **C.A. No. 05-** |
| | : | |
| **ECOLOGICAL FIBERS, INC.** | : | CA 05 421S |
| **Defendant** | : | |

## COMPLAINT

### I. Introduction

1. This is an action brought by Plaintiff Michael P. Breen against his former employer, Defendant Ecological Fibers, Inc., seeking compensatory, punitive, and liquidated damages, as well as attorneys' fees, litigation expenses and other equitable relief, arising out of Defendant's unlawful failure to pay overtime compensation owed to Plaintiff in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., the Rhode Island Minimum Wage Act ("RIMWA"), R.I.G.L. §28-12-1, *et seq.* and §28-14-1, *et seq*., and for common law breach of contract.

### II. Parties

2. Plaintiff Michael P. Breen, at all times relevant to this action, was a resident of the City of Cranston, County of Providence, and State of Rhode Island, and was an employee, within the meaning of 29 U.S.C. §203(e)(1) of the FLSA, employed by the Defendant.

3. Defendant Ecological Fibers, Inc., a duly registered foreign business corporation that maintains a regular place of business in Pawtucket, Rhode Island, is a manufacturer and supplier of cover materials to the book publishing book binding, box and game board industries.

4. At all relevant times, Defendant was engaged in the stream of interstate commerce, and was Plaintiff's employer within the meaning of 29 U.S.C. §203(d).

## III. Jurisdiction

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1367, 2201 and 2202 and 29 U.S.C. §216(b).

## IV. Venue

6. Venue is proper in this Court insofar as the Defendant is doing business in Rhode Island and therefore is deemed to reside in the District of Rhode Island, in compliance with the requirements set forth in 28 U.S.C. §1391.

## V. Material Facts

7. Defendant employed Plaintiff Michael P. Breen as an "Assistant Plant Engineer" for over four (4) continuous years until it terminated his employment on or about October 14, 2004.

8. As Assistant Plant Engineer, Plaintiff was responsible for daily maintenance and repair of plant manufacturing equipment, cleaning and sweeping the manufacturing area; he also substituted for absent workers on the assembly line, completed assorted construction and painting projects on the premises, drove the company forklift, and made deliveries.

9. While employed by Defendant, Plaintiff regularly worked at least fifty (50) hours per week every week he worked in order to complete his assigned tasks; a fact Defendant recently acknowledged.

10. Defendant paid Plaintiff a weekly salary; he was not paid overtime compensation for hours worked over forty (40) in any given workweek.

11. Both the FLSA and the RIMWA require employers to pay their employees at a rate not less than one and one-half (1½) times their regular rate of pay for all hours worked in excess of forty (40) in any one (1) workweek. 29 U.S.C. § 207(a)(1); R.I.G.L. §28-12-4.1.

12. Both the FLSA and the RIMWA exempt from this overtime pay requirement, *inter alia*, those employees working in "bona fide executive, administrative, or professional" positions. 29 U.S.C. § 213(a)(1); R.I.G.L. §28-12-4.3(a)(4).

13. These exemptions and accompanying regulations do not apply to Plaintiff because he performed "repetitive operations with [his] hands, physical skill and energy." 29 C.F.R. § 541.3(a).

14. "The term employee employed in a bona fide administrative capacity[1]... shall mean any employee: Whose (a) primary duty consists of ...office or nonmanual work directly related to management policies or general business operations of his employer or his employer's customers, ....and (b) Who customarily and regularly exercises discretion and independent judgment...." 29 C.F.R. § 541.2.

15. Since Plaintiff's duties primarily if not completely consisted of "time in using tools, instruments, machinery, or other equipment, or in performing repetitive operations with [his] hands...[he is] not be bona fide administrative employees within the meaning of Sec. 541.2." 29 C.F.R. § 541.203(b).

16. Plaintiff's duties were also not of "such substantial importance to the management or operation of the business that [they] can be said to be 'directly related to management policies or general business operations.'" 29 C.F.R. § 541.205(c)

17. Nor did Plaintiff's primary duties require the exercise of discretion and independent judgment, with respect to "decisions normally made by persons who formulate

policy within their spheres of responsibility or who participate in this process or who exercise authority to commit the employer in a *substantial* respect, financial or otherwise." 29 C.F.R. §541.207(d)(2).

18. Despite Defendant's knowledge of its obligation to pay Plaintiff overtime as required by the FLSA and RIMWA and Defendant's knowledge that Plaintiff's duties and/or the manner in which he was compensated rendered him a non-exempt employee, during the duration of Plaintiff's employment with the Defendant, Defendant *knowingly and willfully refused* to comply with its obligation to pay Plaintiff *any* overtime for hours worked over forty (40) in any one workweek while he worked at Defendant's.

19. Defendant's acts and/or omissions, including, but not limited to, those described herein, are in violation of the FLSA, the RIMWA, and Plaintiff's common law contract rights, and were taken with knowledge of their wrongfulness and/or with reckless indifference to the statutorily protected rights of Plaintiff, and were motivated by malice, wantonness or willfulness of such an extreme nature as to amount to criminality.

20. As a proximate result of Defendant's wrongful acts and/or omissions, including, but not limited to, those described herein, Plaintiff have suffered loss of wages and benefits due, expenses for legal services, and other great harm.

## VI. Claims for Relief

21. Plaintiff incorporates the allegations contained in ¶¶1 through 20 above in the counts set forth below.

### Count One
### Violation of FLSA 29 U.S.C. §207

[1] Plaintiff would clearly qualify as a non-exempt employee under every other statutory exemption.

22. Defendant, by its act and/or omissions, including but not limited to those described herein, violated the FLSA by failing or refusing to pay Plaintiff overtime compensation for all work in excess of forty (40) hours performed in any one workweek, thereby causing Plaintiff to suffer damages as aforesaid, for which he is entitled to relief pursuant to 29 U.S.C. §216(b).

**Count Two**
**Violation of RIMWA R.I.G.L. §28-12-1, *et seq.***

23. Defendant, by its act and/or omissions, including but not limited to those described herein, violated the RIMWA by failing or refusing to pay Plaintiff overtime compensation for all work in excess of forty (40) hours performed in any one workweek, thereby causing Plaintiff to suffer damages as aforesaid, for which he is entitled to relief pursuant to R.I.G.L. §28-12-19.

**Count Three**
**Breach of Contact**

24. Defendant, by its act and/or omissions, including but not limited to those described herein, breached its contract of employment with Plaintiff by failing or refusing to pay Plaintiff for all hours worked, thereby causing Plaintiff to suffer damages as aforesaid.

## VII. Prayers for Relief

**WHEREFORE**, Plaintiff prays that this Honorable Court grant the following relief:

1. A declaratory judgment declaring that the Defendant willfully violated the wage and overtime payment requirements under the FLSA and the RIMWA in the manner complained of herein.

2. In the alternative, a declaratory judgment declaring that the Defendant violated the wage and overtime payment requirements under the FLSA and the RIMWA in the manner complained of herein.

3. An award of compensatory damages.

4. An award of liquidated damages pursuant to 29 U.S.C. §216(b).

5. An award of punitive damages.

6. An award of reasonable attorneys fees and costs of litigation pursuant to 29 U.S.C. §216(b).

7. An award of reasonable attorney's fees and costs pursuant to R.I.G.L. §28-12-19.

8. An award of other appropriate equitable relief pursuant to 29 U.S.C. §216(b).

9. An award of such other and further relief as this Honorable Court deems just and proper.

## VIII. Demand for Jury Trial

Plaintiffs hereby demand a trial by jury on all counts so triable.

**PLAINTIFF,**
**Michael P. Breen**
By his attorneys,
**SINAPI, FORMISANO & COMPANY, LTD.**

**Gregory A. Mancini (#5740)**
100 Midway Place, Suite 1
Cranston, RI 02920-5707
Phone: (401) 944-9690
Facsimile: (401) 943-9040

**Richard A. Sinapi, Esq. (#2977)**
100 Midway Place, Suite 1
Cranston, RI 02920-5707
Phone: (401) 944-9690
Facsimile: (401) 943-9040

**Dated: October ____, 2005**